UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                                         CRIMINAL ACTION

VERSUS                                                                                          NO. 09-373

JOCK WALKER                                                                              SECTION "K"(3)

### ORDER AND REASONS

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody (Doc. 356) filed by Jock Walker. Walker raises two grounds: (1) that the Court erred by sentencing the defendant using the pre-Fair Sentencing Act drug triggering amounts to his case which resulted in his being sentenced to a 20 year term of imprisonment rather than 10 years and (2) ineffective assistance of counsel for failing to make this argument and preserving it on appeal. For the reasons that follow, the Court will grant the motion and order the defendant to be resentenced.

**Background**

On October 13, 2010, Walker pled guilty to Count 1 of the indictment which charged him with participating in a conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(10(A) and 846. (Doc. 183 and 184). As part of his plea agreement, he also pled guilty to having a prior felony drug conviction, pursuant to 21 U.S.C. § 851. At the time of his plea he also signed a written factual basis that outlined the facts that the Government would have been able to prove had the case proceeded to trial. (Doc. 185).

The United States Probation Office presented a Presentence Report dated January 26, 2011 calculating the guides for the defendant to be incarcerated for a term of 100-125 months; however, he had pled guilty to a crime which carried a mandatory minimum sentence of 240

months to a maximum of life in prison. (See Presentence Report dated 1/26/2011). On May 25, 2011, this Court sentenced Walker to serve that mandatory minimum; a timely notice of appeal was filed (Doc. 283). He then dismissed the appeal. (Doc. 355).

On May 14, 2012, Walker filed a motion for retroactive application of the guidelines pursuant to 28 U.S.C. § 3582 (Doc. 342). This motion was denied since the then controlling case law from the United States Court of Appeals for the Fifth Circuit prohibited same. *United States v. Tickles*, 661 F.3d 212 (5th Cir. 2011), which decision was abrogated by *Dorsey v. United States*, 132 S.Ct. 2321 (2012). As a result, Walker filed the instant motion pursuant to 28 U.S.C. §2255 on September 10, 2012.

**Analysis**

**Legal Standard–28 U.S.C § 2255**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). As with the writ of habeas corpus, only a narrow set of claims is cognizable with respect to a section 2255 motion. *See* 28 U.S.C. § 2241, 2254. The four bases contained in the statute are:

    (1)    the sentence was imposed in violation of the constitution or laws of the United States;
    (2)    the court was without jurisdiction to impose the sentence;
    (3)    the sentence exceeds the statutory maximum sentence; or
    (4)    the sentence is "otherwise subject to collateral attack.

28 U.S.C. §2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which

inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the court must examine a § 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255 Proceedings 4(b). If not, then the United States attorney must be ordered to file a response. *Id.* Should the court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized. Rules Governing Section 2255 Proceedings, Rule 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted Rules Governing Section 2255 Proceedings, Rule 8. Under the statute, an evidentiary hearing must be held unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Caston*, 2013 WL 3933400 (E.D.La. July 30, 2013) (Vance, J.), citing *United States v. Edward*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United Stes v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

As stated by Judge Vance in *Caston*:

> Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472

5th Cir. 2003).  For other "trial" errors, the court may grant relief on if the error "had substantial and injurious effect or influence" in determining the outcome of the case.  *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); *see also Unite States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht'*s harmless error standard in a § 2255 proceeding).  If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. §2255(b).

*Caston,* 2013 WL 3933400 at *2.

### Fair Sentencing Act and Its Application

Congress enacted the Fair Sentencing Act ("FSA") on August 3, 2010.  It increased the amount of crack cocaine that triggers the 5-year mandatory minimum sentence for 5 grams to 28 grams and increased the amount of crack cocaine that triggers the 10-year mandatory minimum sentence from 50 grams to 280 grams.  21 U.S.C. §841.  The United States Court of Appeals held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment."  *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011).  However, the Supreme Court abrogated this decision with *Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321 (2012).  The Supreme Court analyzing six considerations, taken together, held that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."  *Id.* at 2331.

Jock Walker qualifies for relief pursuant to the Supreme Court's decision in *Dorsey.*  His offense conduct occurred in 2009, before the effective date of the FSA, but, he was sentenced on

May 25, 2011, after its enactment, and the Court applied the old, pre-FSA mandatory minimum[1]. Furthermore, Walker's complaint of ineffective assistance of counsel is rendered moot by this decision.  Accordingly,

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody (Doc. 356) is **GRANTED.**[2]

**IT IS FURTHER ORDERED** that a resentencing hearing shall be held on **October 16, 2013 at 3:00 p.m.**

New Orleans, Louisiana, this 9th day of September, 2013.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**

---

[1] Rec. Doc. 281.

[2]